

LIBERTY & FREEDOM
LEGAL GROUP, LTD

December 11, 2025

**VIA ECF**
Hon. John P. Cronan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   ***Re: Cruz et al. v. Aviles-Ramos et al., 25-cv-4396 (JPC)***

Dear Judge Cronan:

   As you may recall, the undersigned represents the Plaintiffs in the above-referenced matter, brought under the Individuals with Disabilities Education Act ("IDEA").

   Pursuant to Your Honor's Individual Practices, Plaintiffs respectfully request permission to file the Certified Record of the underlying administrative proceedings under seal.

   In any action brought under 20 U.S.C. § 1415(i)(2), the Court, *inter alia*, shall receive the records of the administrative proceedings. *See* 20 U.S.C. § 1415(i)(2)(C)(i). Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). One such competing interest weighing against disclosure is "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)("Certainly, the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure of the Title III material should weigh heavily in a court's balancing equation in determining what portions of motion papers in question should remain sealed or should be redacted."). "'Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id*. (quoting *Matter of New York Times Co.*, 828 F.2d at 116).

   Courts often permit filings under seal in IDEA actions to protect the privacy interests of plaintiffs. *See e.g., J.L. on behalf of J.P v. New York City Dep't of Educ.*, No. 17 Civ. 7150, 2024 U.S. Dist. LEXIS 13609, at *7 (S.D.N.Y. Jan. 25, 2024). IDEA record information, including Plaintiff's medical and other sensitive information, is of the kind often made subject to a sealing



order for its especially confidential nature. *McGuirk v. Swiss Re Fin. Servs. Corp.*, No. 14 Civ. 9516, 2015 U.S. Dist. LEXIS 197814, at *2 (S.D.N.Y. Mar. 30, 2015).

In this action, the Certified Record is voluminous and contains confidential and personally identifiable details about O.F., including particularly sensitive information regarding his health and education. The disclosure of such information is protected by 20 U.S.C. § 1415(a), which aims to "ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education by state and local agencies." A "child with a disability" is a child evaluated under the IDEA's regulations and identified as needing special education and related services. 42 C.F.R. §300.8(a)(1). O.F. continues to be a "child with a disability" under this definition even past the age of majority as he still requires and receives specialized education services under the IDEA. *Id.*; 20 U.S.C. §1412(a)(1). Children with disabilities and their parents have a right to the "confidentiality of any personal identifiable data, information, and records," as stated in 20 U.S.C. § 1415(h)(4), 1417(c). Thus, protecting the disclosure of this highly sensitive information is a compelling interest that weighs in favor of sealing the Certified Record in the underlying proceedings.

Sealing the Certified Record is also narrowly tailored to satisfy that interest. The Certified Record totals over 400 pages and is replete with confidential information. Further, the information that would need to be redacted is the private information of O.F., including information regarding his health status, disabilities, and the health and educational services he requires to be provided a free and appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1440 et seq. ("IDEA"). This information is crucial for a comprehensive understanding and evaluation of the merits of this action.

Because sealing the Certified Record is the only way for the Court to both protect Plaintiffs' compelling privacy interests and to fully evaluate this action based on the Record, Plaintiffs should be permitted to submit it under seal.

Counsel for Plaintiffs contacted Defendants' counsel regarding their position on this motion, and they have agreed to filing the certified record under seal.

By December 23, 2025, Plaintiffs should file a letter explaining why sealing the entire certified record is warranted. Although "district courts need not provide granular justifications for each redaction or even each sealing . . . an explanation for sealing [multiple] exhibits in their entirety must reasonably apply to the content of all of the sealed materials." *United States v. Greenwood*, 145 F.4th 248, 257 (2d Cir. 2025); s*ee Matter of New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987) (concluding that "the wholesale sealing of the motion papers was more extensive than necessary"). Plaintiffs' letter therefore should show why the "categories of protected information identified . . . explain the full sealing of these exhibits." *Greenwood*, 145 F.4th at 256. The Clerk of Court is respectfully directed to close Dkt. 23.
SO ORDERED
December 12, 2025

JOHN P. CRONAN
United States District Judge

Respectfully submitted,

Liberty and Freedom Legal Group, Ltd.
Attorneys for Plaintiff

By: *Nicole Lancia*

Nicole Lancia, Esq.
Liberty and Freedom Legal Group, Ltd.
105 E. 34th Street, #190
New York, NY 10016
(646) 850-5035
nicole@pabilaw.org